CRAMER, BERGMANN & CO. v. W. HERNSTADT ET AL.

PRACTICE.—Participation by several defendants in a conspiracy to commit a fraud is not of itself a sufficient connecting link to render them liable to be joined in the same action.

ERROR from Marion.    Tried below before the Hon. J. D. McAdoo.

*H. McKay,* for plaintiffs in error.

*Penn & Todd,* for defendants in error.

DEVINE, ASSOCIATE JUSTICE.—Appellants, who were plaintiffs in the court below, and obtained a judgment for

the full amount of their debt against the defendants, W. Hernstadt and Emile Hernstadt, seek to reverse the judgment of the court dismissing the suit as to Faulkner and Scherck, two of the defendants, and who alone are represented in this court, the Hernstadts not appearing.

Appellants assign as errors:

1st. That the court erred in sustaining the demurrer of defendants, Faulkner & Scherck; 2d, the court erred in dismissing this suit as to Faulkner & Scherck upon demurrer, when plaintiffs had taken leave to amend; 3d, the court erred in sustaining the demurrer of Faulkner and Scherck after the plaintiffs amended their petition; 4th, the court erred in dismissing this cause as to defendants, Faulkner and Scherck.

These assignments of error are not sustained by an examination of the record.

The appellants brought a suit to recover the amount of a bill of goods purchased from them in New Orleans by one W. Hernstadt, and James Emile Hernstadt and Edward M. Hernstadt as having received the goods, and as acting on behalf of their principal in Jefferson and Sherman, in Texas. The petition further charged that the defendants, Faulkner & Scherck, merchants in Jefferson, had conspired and combined with their co-defendants to hinder and delay plaintiffs in the collection of their just debts; had secretly purchased and conveyed to the store of defendants Faulkner & Scherck a quantity of goods from the store of defendants, Hernstadts; and closed with a prayer that all the defendants be held liable, jointly and severally, to pay plaintiffs the amount of their debt, interest, &c., and that the property attached by the sheriff be sold, &c.

The defendants, Faulkner & Scherck, answered, denying all fraud or interest with their co-defendants, and asserted that the goods purchased by them were purchased without any fraudulent intent; denied all interest in the purchase, other than as the agents of Rosenberg, Scherck & Berkson,

merchants in New Orleans, from whom nearly all the goods were originally purchased, and that the same was done to secure payment for the money due on said goods so received by them from defendants, Hernstadts.

The exceptions to the petition were that it did not allege that defendants were indebted to or in anywise connected in business or interest, or as being in any way instrumental in obtaining credit for the Hernstadts, or that there was any privity of contract or interest in any way existing between them and the other parties in the suit; that plaintiffs' petition attempted to charge a contract, but charged (if it charged anything) these defendants with a " tort."

The judge sustained the exceptions. On the 16th of September, 1871, the plaintiff had leave to amend; and on the 23d of September, 1872, plaintiff amended, charged the three Hernstadts as a partnership firm, and, in substance, repeated the charges of their original petition against the defendants, Faulkner & Scherck, who moved to dismiss plaintiffs' amended petition on the ground that it set forth no cause of action against them; that if it did, it was a new suit, and no service had been made on either of them; that they had been dismissed at a former term of the court, and plaintiffs had failed to amend their pleadings during the term. The motion was sustained as to them.

There was no error in the action of the court dismissing the petition, original and amended, as to Faulkner & Scherck. The petition showed no privity of contract between Faulkner & Scherck and the other parties to the suit. The suit was in reality an attempt to blend in one suit parties liable on a contract for goods sold and delivered with other parties who had purchased goods from plaintiffs' debtors. The goods so purchased were not the goods sold by plaintiffs to the Hernstadts, but of an entirely different character, the charge of conspiracy being the link by which it was sought to bind the two firms in

this suit. The appellees, Faulkner & Scherck, were improperly joined, and their motion to dismiss was properly sustained. (Johnson *v.* Davis, 7 Tex., 174; 1 Chit. Plead., 44, 45.) If plaintiffs can show any claim to the property attached by them, and released on claim bond to Faulkner & Scherck, they will have an opportunity of showing it on the trial of the right of property, (under the statute,) if that has not been already settled.

The judgment is affirmed.

AFFIRMED.